Kinsey C. J.
Charged the Jury.
The action which you are to determine is an action similar in its nature to an action of debt, and is brought to recover the amount claimed by the plaintiff for boarding and do- *450 thing the daughter «. f the testator from the year 1773 lid some time in the year i787. The amount demanded is ¿TlOOO.
The defendants have pleaded the general issue, denying the whole demand, and the question for your determination is reduced to this simple form, — Whether, the estate of Gill is indebted to the plaintiff, and if so, to what amount.
every case where a man is bound by the ties of natural justice and equity to pay a particular sum, the law raises a promise to do it, and will compel its performance. Actions of this nature are founded upon express promises of payment, or upon implied promises. An implied promise is that which may be legally inferred by the jury from circumstances, and it is equally obligatory in conscience and in law with that which has been clothed in words. A familiar instance will render this doctrine perfectly intelligible: — a man sends to a shop for a pound of sugar which is obtained by him, here although there was no express or actual promise that he would pay the price of the commodity which he has received, the law supposes, and for reasons too obvious to require illustration, he undertook to satisfy the seller the full value of the article. Upon the same principle in almost
From the evidence which you have heard in this case it appears, and this fact is not questioned, that Mary Gill the daughter of the testator did actually reside in the family of Wood for a considerable length of time. In what capacity she lived there, is not so clear, there being much variance iu the testimony of the different witnesses; some saying she lived there boarding as a lady, others that she earned her living by her services in the house, by her attention to and care of the family. This point it is your duty to settle; it is of considerable importance in the case, and will serve to explain the whole transaction between the parties; for if the plaintiff undertook to board and provide for this female, with the consent or at the request of the father; with the understanding at the time that he was to be recompensed by the fathei for what he did; — or that the testator made any actual promise of compensation, or did any act which would fully and clearly imply a promise, or one from the whole circumstances of which, it appears that by the ties of natural justice he *451 uay st. he was liable and his executors are now bound
Ac Üie daughter was of full age, and voluntarily departed friur, Nr father’s roof, he is not by law bound to pay for her board and clothing in the house of another, unless he expressly promised so to do, or unless he did some act which implies a ovomise that he would pay. Slight circumstances are not uu.mck.-nt to warrant you in inferring a promise. I think the plaintiff ss bound to make it appear clearly to the jury that he took this girl to his house with a prospect and with the understanding that he was to be compensated; that she went with the consent of the father, and that the father did expressly or impliedly undertake to pay these necessary expenses. This proof should be clear and explicit, and the circumstances of this case prove, if proof was necessary, the wisdom and propriety of the rule: for if slight presumptions should be deemed sufficient to impose such a burthen upon a father, a man might be ruined by enormous bills of this description, which he never had any expectation would be brought up against him, and which in justice he is under no obligation to pay.
Let us then examine the testimony and see how far it supports the allegation of an express or implied promise. The only circumstance which appears to me to hear powerfully upon this point, is what has been stated by two of the plaintiff’s witnesses, — that Gill in a conversation which took place In their hearing, in answer to the question what charge Wood had made, replied, he did not know, they had not settled, but added4£ he intended, or was to make satisfaction for her being- at Wood’s for she lived well there.” This is vague language, and may mean that, deducting all equitable allowances, he would make a fair compensation; — or that in consequence of the kind treatment which his daughter had met with, he felt himself called upon to make Wood some remuneration: the language is too vague to warrant of itself any ■certain inference as to his meaning. At any rate, it was made to a third person, and after the daughter had been some time with Wood, after the consideration was past and ex-«scíitcdj and it qgsnot therefore be regarded as m assumption *452 ¡binding in law, or sufficient to support an action, it appears t0 me q£ more weight as furnishing evidence, to show that he f1ad previously assumed to. pay the debt; but whether it is of itself, or in connexion with the other circumstances of the case, sufficient to authorize such an inference, you, and not the Court, are the proper judges.
The case seems to turn altogether upon questions of fact, which you will determíne, and apply to them the observations which have fallen from the Court. If you think from the whole case, that Mary Gill went to the plaintiff’s house to live and be provided for, at the expense of the father, and with his concurrance, the plaintiff ought to recover. If you think the circumstances will not bear this construction, that there was neither an express nor implied promise to pay for her maintenance, or that she earned her support by her labour and services in the family, in either of these cases, I think your verdict should be for the defendant.
Verdict for plaintiff £150. and 6 pence costs.
The Jury were polled and they all agreed in the verdict.